IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ROGER WOODS                                                                PLAINTIFF

VS.                                                    CIVIL ACTION NO. 1:08CV169-D-D

INDEPENDENT FURNITURE
SUPPLY CO., INC.                                                           DEFENDANT

MEMORANDUM OPINION GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Presently before this Court is Defendant Independent Furniture Supply Co., Inc.'s ("Independent Furniture") Motion for Summary Judgment. Plaintiff, Roger Woods was granted additional time in which to reply to said motion but failed to do so. Therefore, after reviewing the motion, pleadings, rules, and authorities, the Court makes the following findings:

*A. Factual and Procedural Background*

The Plaintiff, Roger Woods (hereinafter "Plaintiff") worked for Independent Furniture from December 7, 2005 until on or about January 11, 2008 when Plaintiff voluntarily resigned his job to take a job at another employer. Plaintiff was originally hired as a Fiber-Cutter but from April, 2007 until September 25, 2007, Plaintiff worked as a Material Handler for part of his shift and performed janitorial duties in two of Independent Furniture's five buildings for the last few hours of his shift. Plaintiff received $9.00 per hour, which was the top pay for his position. Josephine Thrasher, the white female who is referred to by Plaintiff, began working for Defendant in April, 2004 and she only had janitorial duties.

In September, 2007, management for Independent Furniture received complaints regarding Plaintiff's janitorial duties. Around the same time, Independent Furniture determined that it needed a full-time labourer on the plant floor at which time, Independent Furniture gave Plaintiffs janitorial duties to Ms. Thrasher and Plaintiff was given a position on the floor full-time. Plaintiff's pay was not affected by this change. However, Plaintiff informed management that he was dissatisfied with the change and management gave him the option of keeping the full-time position on the floor or the part-time position as a janitor. Plaintiff chose the full-time plant floor position.

On October 26, 2007, Plaintiff filed a charge of discrimination with the EEOC alleging only that he was racially discriminated against when the janitorial position was given to a white female. Despite the fact Plaintiff filed a claim of racial discrimination with the EEOC in October, he continued to work for Independent Furniture until January 11, 2008 when he voluntarily resigned to take a job with another employer.

On April 30, 2008, Plaintiff was issued a Right to Sue letter by the EEOC on his racial discrimination claim. Plaintiff then filed the present action on June 26, 2008 alleging not only racial discrimination but also sex discrimination and sexual harassment. Defendant timely filed its Answer and Defenses on October 2, 2008 in which it denied all liability for Plaintiff's claims. The Court finds that Plaintiff has presented no evidence of any genuine issue of material fact as to any of his claims and therefore, those claims are addressed below.

### B. *Summary Judgment Standard*

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a

sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. Id. at 323, 106 S. Ct. 2548. Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to "go beyond the pleadings and by...affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324; Willis v. Roche Biomedical Labs., Inc., 61 F.3d 313, 315 (5th Cir. 1995); Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 282 (5th Cir. 2001). That burden is not discharged by "mere allegations or denials." Fed. R. Civ. P. 56(e). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002); SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1997); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

"Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998)(internal quotations omitted). In the present case, the Plaintiff has failed to respond to the Defendant's motion for summary judgment. Therefore, this Court must determine if the facts presented by Defendant create an appropriate basis to enter summary judgment against Plaintiff. *See* F.R.C.P. 56(e)(2).

### C. Discussion

#### i. Sexual Discrimination and Harassment Claims

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms conditions, or privileges of employment, because of such individual's race, color, religion, sex . . . ." 42 U.S.C. §2000e-2(a)(1)(2006). "Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." Taylor v. Books A Million, Inc., 296 F.3d 376, 378-379 (5th Cir. 2002)(*citing* Dao v. Auchan Hypermarket, 96 F.3d 787, 788-89 (5th Cir.1996)). The Court may only exercise jurisdiction over claims encompassed within the EEOC charge and like or related matters that might reasonably be expected to be subject to EEOC investigation growing out of the charge. Young v. City of Houston, Tex., 906 F.2d 177, 179 (5th Cir. 1990)(*citing* Sanchez v. Standard Brands, 431 F.2d 455, 466 (5th Cir. 1970)). However, where a race discrimination charge is filed with the EEOC, even though a sex discrimination charge was not made, the court may take jurisdiction over the sex discrimination part of the plaintiff's complaint if a reasonable investigation of the charge as filed would have encompassed the sex discrimination claims. Hicks v. ABT Associates, Inc., 572 F.2d 960, 966 (3d Cir. 1978).

In the case *sub judice*, the Plaintiff did not include any sex discrimination or sexual harassment claim within his EEOC charge. There is no evidence before the Court that the EEOC failed to conduct a reasonable investigation or that the investigation encompassed Plaintiff's sexual discrimination and/or harassment claims. In addition, Plaintiff has failed to present any evidence that the EEOC filing requirement has been waived or is subject to estoppel or equitable

estoppel. *See* Taylor v. United Parcel Service, Inc., 554 F.3d 510, 521 (5th Cir. 2008)(*quoting* Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982)). Therefore, the Court is of the opinion that those claims are not properly before this court and should be dismissed. However, out of an abundance of precaution, the Court will also address the merits of these two claims.

Plaintiff's complaint simply states, "his job was taken away and given to a white female." Plaintiff fails to present any supporting facts which support his allegation that it was taken away from him because of he is male. To the contrary, the facts before the Court show that Plaintiff worked part-time as a material handler and part-time as a janitor and that the female who was given Plaintiff's janitorial duties was employed only in a janitorial position. Further, the facts show that Defendant needed a full-time material handler and therefore, made the decision to make Plaintiff a full-time material handler and the female a full-time janitor. Accordingly, the Court is of the opinion there is no evidence Plaintiff was discriminated against based on sex and finds this claim is without merit.

For the sexual harassment claim, the Plaintiff ordinarily must prove: "(1) [t]hat [he] belongs to [a] protected class; (2) that [he] was subject to unwelcome sexual harassment; (3) that the harassment was based on sex; (4) that the harassment affected a 'term, condition or privilege of employment,' and (5) that the employer either knew or should have known of the harassment and failed to take prompt remedial action." DeAngelis v. El Paso Mun. Police Officers Ass'n, 51 F.3d 591, 593 (5th Cir. 1995); Lauderdale v. Tex. Dep't of Crim. Justice, 512 F.3d 157, 163 (5th Cir. 2007); *see also* Jones v. Flagship Intern., 793 F.2d 714 (5th Cir. 1986).

Plaintiff claims that he was forced to resign his job due to the sexual harassment he received as a homosexual black male. Plaintiff is undisputedly a male. Plaintiff, in his deposition claimed that male co-workers made remarks regarding the way he walked. The third element requires the Plaintiff show that the comments were made due to his sex. Plaintiff acknowledges that the comments were made because he is a homosexual. There is no evidence that the comments were made due to his sex but due to his sexual preference. The Court finds that the third element has not been proven. In order to establish the fourth element, the plaintiff must show that the harassment was "sufficiently severe or pervasive to alter the condition of his employment and create an abusive working environment." Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 67, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986)(*citing* Rogers v. EEOC, 454 F.2d 234 (CA5 1971), *cert. denied*, 406 U.S. 957, 92 S.Ct. 2058, 32 L.Ed.2d 343 (1972) and Henson v. Dundee, 682 F.2 The abusive working environment created must be both subjectively and objectively offensive. Septimus v. Univ. of Houston, 399 F.3d 601, 611 (5th Cir.2005). In his complaint, Plaintiff states that he was "forced to terminate his employment with Defendant when the harassment he was subjected to failed to cease."d 897, 902 (1982)). However, in Plaintiff's deposition he testified that he reported the co-workers' behavior to management and it stopped. Therefore, the Court is of the opinion that the comments made regarding the manner in which Plaintiff walks does not rise to the level of "severe or pervasive" enough to alter a "term, condition or privilege of employment." By Plaintiff's own admission that the comments ceased as soon as management was informed, the fifth element that "the employer knew of the harassment and failed to take prompt action" is not satisfied.

Additionally, Plaintiff asserts that the alleged basis for the comments made is Plaintiff's homosexuality. However, the plain language of Title VII does not protect sexual preference nor

has the Fifth Circuit recognized discrimination based on sexual preference as being protected by Title VII.

The Court finds that Plaintiff's sex discrimination and sexual harassment claims are without merit.

### ii. Race Discrimination Claim

As stated supra, Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms conditions, or privileges of employment, because of such individual's race . . . ." 42 U.S.C. §2000e-2(a)(1)(2006).

First, the Plaintiff must establish a *prima facie* case of racial discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). To establish a *prima facie* case, Plaintiff must establish each of the following elements:

1. That he belongs to a protected class;
2. That he was qualified for the position he sought;
3. That he suffered an adverse employment decision; and
4. That the position was filled by someone outside the protected class.

DeCorte v. Jordan, 497 F.3d 433, 437 (5th Cir. 2007)(*citing* Manning v. Chevron Chem Co., LLC, 332 f.3d 874, 881 (5th Cir. 2003)); St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). The burden then shifts to the defendant to articulate "a legitimate, nondiscriminatory reason" for its employment action. DeCorte, 497 F.3d at 437. If the employer meets this burden, the plaintiff bears the final burden of proving that the employer's proffered reason is a pretext for discrimination-either through evidence of disparate treatment or

by showing that the employer's explanation is false or unworthy of credence. Laxton v. Gap Inc., 333 F.3d 572, 578 (5th Cir. 2003).

There is no material dispute regarding the first, second and fourth elements: Plaintiff is black, he is qualified for the position and the janitorial position was filled by a white female.

However, there is a dispute whether Plaintiff suffered an employment decision which was actually "adverse." Plaintiff's complaint regarding his position being changed to full-time material handler and his janitorial duties eliminated is based on plaintiff's assertion that the full-time material handler position involved heavier materials than the part-time position. This subjective belief is the only evidence he presented the Court to support the fact the decision was adverse. Plaintiff admitted that his hourly compensation did not change and there is no evidence that the number of hours Plaintiff worked changed. In addition, the facts show that when Plaintiff originally went to work for Defendant, he worked full-time on the floor. The Fifth Circuit has previously addressed the issue of employment transfers and has failed to find an adverse employment action without a cut in pay or benefits, without a written reprimand or without evidence the change was a demotion or form of punishment. *See* Forsyth v. City of Dallas, 91 F.3d 769 (5th Cir. 1996); Click v. Copeland, 970 F.2d 106 (5th Cir. 1992); and Serna v. City of San Antonio, 244 F.3d 479, 485 (5th Cir. 2001). None of those factors are present in the case *sub judice*. The Court is of the opinion that while Plaintiff might have preferred keeping his part-time janitorial duties instead of becoming a full-time material handler, the change does not qualify as an adverse employment decision. Plaintiff has not satisfied his burden of establishing a *prima facie* case of race discrimination.

However, assuming *arguendo*, Plaintiff had established a *prima facie* case, Defendant must then articulate a legitimate, non-discriminatory reason for its employment action. The facts

show that Plaintiff worked part-time as a material handler and part-time as a janitor and the female was also employed as a janitor prior to September 25, 2007. In addition, Defendant claims that at the time Plaintiff's duties were changed, Defendant needed a full-time material handler and given that Plaintiff already worked as a material handler part-time, decided to reassign Plaintiff to the full-time material handler position. Consequently, the white female who already performed janitorial duties in three of Defendant's factories was assigned the two buildings Plaintiff had performed janitorial duties in part-time. The Court finds Defendant sufficiently presented evidence of a legitimate, non-discriminatory reason for the employment decision to make Plaintiff a full-time material handler and reassigning his janitorial duties to a white female.

With the Defendant having proffered a legitimate, non-discriminatory reason the burden is finally shifted to the Plaintiff to prove that the Defendant's proffered reason is a pretext for discrimination by presenting evidence of disparate treatment or by showing that the employer's explanation is false or unworthy of credence. As the Court has stated previously, Plaintiff failed to file a response to Defendant's motion for summary judgment and supporting memorandum. The documents and records currently before the Court do not contain any evidence to contradict Defendant's proffered reason. Therefore, the Court finds that Defendant had a legitimate, non-discriminatory reason for reassigning Plaintiff to a full-time material handler position and reassigning his part-time janitorial duties to a white female who was currently employed as a janitor for Defendant.

### iii. *Plaintiff's Subjective Belief*

Defendant next addressed Plaintiff's subjective belief that his reassignment was unlawful racial discrimination. The Fifth Circuit has consistently held that "an employee's subjective

belief of discrimination, however genuine, cannot be the basis of judicial relief." E.E.O.C. v. Louisiana Office of Community Services, 47 F.3d 1438, 1448 (5th Cir. 1995) *See also* Portis v. First Nat'l Bank of New Albany, Miss., 34 F.3d 325, 329 (5th Cir. 1994); Elliott v. Group Medical & Surgical Serv., 714 F.2d 556, 567 (5th Cir. 1983).

*D. Conclusion*

In sum, the court finds there are no genuine issues of material fact as to Plaintiff's claims and Defendant is entitled to judgment as a matter of law on all claims. Defendant's motion for summary judgment will be granted.

A separate order in accordance with this opinion shall issue this day.

This the 28th day of September, 2009.

/s/ Glen H. Davidson
Senior Judge